```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

REGINALD WILLIAMS, M.D. and      *
NICOLE WILLAIMS,
                                 *
     Plaintiffs,
                                 *
vs.                                      CASE NO. 4:11-CV-28 (CDL)
                                 *
COLUMBUS REGIONAL HEALTHCARE
SYSTEM, INC., et al.,            *

     Defendants.                 *
```

O R D E R

Plaintiff Reginald Williams, M.D. brought federal law claims against Defendants under 42 U.S.C. § 1981, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986. Williams and his wife Nicole (collectively, "Plaintiffs") also brought various state law claims against Defendants, most of whom are residents of Georgia. The Court recently granted Defendants' motion to dismiss Plaintiffs' federal law claims against Defendants and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See generally* Order, Feb. 1, 2012, ECF No. 40. Plaintiffs filed a Motion for Reconsideration (ECF No. 41), which is presently pending before the Court. Plaintiffs, who are Georgia citizens, argue that the Court had diversity jurisdiction over their state law claims against the three non-Georgia citizens and should not have dismissed those claims.

When the Court ruled on Defendants' motions to dismiss, the Court dismissed all of Plaintiffs' federal claims against all Defendants. Plaintiffs' state law claims against all Defendants, including the Defendants who are Georgia citizens like Plaintiffs, remained pending. Given that there was not complete diversity of citizenship among the parties and that Plaintiffs did not allege an independent basis for federal jurisdiction over each of their state law claims, the Court tacitly concluded that it did not have original jurisdiction of those claims under 28 U.S.C. § 1332. Because the Court did not have original jurisdiction over Plaintiffs' state law claims, and because the Court had dismissed all of the claims over which it did have original jurisdiction, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Plaintiffs now assert that the Court should exercise diversity jurisdiction over their state law claims against the three Defendants who are not Georgia citizens. Diversity of the parties, however, is determined at the time a complaint is filed. *E.g., Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Complete diversity of citizenship did not exist at the time Plaintiffs' Complaint was filed, and Plaintiffs did not allege an independent basis for federal jurisdiction over each of their state law claims. For these

2

reasons, Plaintiffs' Motion for Reconsideration (ECF No. 41) is denied.

IT IS SO ORDERED, this 22nd day of February, 2012.

                                      S/Clay D. Land
                                          CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE