IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

REGINALD WILLIAMS, M.D. and          *
NICOLE WILLAIMS,
                                     *
      Plaintiffs,
                                     *
vs.                                          CASE NO. 4:11-CV-28 (CDL)
                                     *
COLUMBUS REGIONAL HEALTHCARE
SYSTEM, INC., et al.,                *

      Defendants.                    *

_____

O R D E R

    Plaintiff  Reginald  Williams,  M.D.  brought  federal  law
claims   against   Defendants   under   42   U.S.C. §   1981,
42 U.S.C. § 1985(3),  and  42  U.S.C. §  1986.   Williams  and  his
wife  Nicole  (collectively,  "Plaintiffs")  also  brought  various
state  law  claims  against  Defendants,  most  of  whom  are  residents
of  Georgia.   The  Court  recently  granted  Defendants'  motion  to
dismiss  Plaintiffs'  federal  law  claims  against  Defendants  and
declined  to  exercise  supplemental  jurisdiction  over  Plaintiffs'
state  law  claims.   *See generally* Order,  Feb.  1,  2012,  ECF  No.
40.   Plaintiffs  filed  a  Motion  for  Reconsideration  (ECF  No.  41),
which  is  presently  pending  before  the  Court.   Plaintiffs,  who
are  Georgia  citizens,  argue  that  the  Court  had  diversity
jurisdiction  over  their  state  law  claims  against  the  three  non-
Georgia  citizens  and  should  not  have  dismissed  those  claims.

When the Court ruled on Defendants' motions to dismiss, the
Court dismissed all of Plaintiffs' federal claims against all
Defendants.     Plaintiffs'   state   law   claims   against   all
Defendants, including the Defendants who are Georgia citizens
like Plaintiffs, remained pending.   Given that there was not
complete diversity of citizenship among the parties and that
Plaintiffs did not allege an independent basis for federal
jurisdiction over each of their state law claims, the Court
tacitly concluded that it did not have original jurisdiction of
those claims under 28 U.S.C. § 1332.   Because the Court did not
have original jurisdiction over Plaintiffs' state law claims,
and because the Court had dismissed all of the claims over which
it did have original jurisdiction, the Court declined to
exercise supplemental jurisdiction over Plaintiffs' state law
claims.

Plaintiffs now assert that the Court should exercise
diversity jurisdiction over their state law claims against the
three Defendants who are not Georgia citizens.   Diversity of the
parties, however, is determined at the time a complaint is
filed.   *E.g., Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498
U.S. 426, 428 (1991).   Complete diversity of citizenship did not
exist at the time Plaintiffs' Complaint was filed, and
Plaintiffs did not allege an independent basis for federal
jurisdiction over each of their state law claims.   For these

reasons, Plaintiffs' Motion for Reconsideration (ECF No. 41) is

denied.

IT IS SO ORDERED, this 22nd day of February, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE